COHEN, J.
Christine Vogan appeals a final judgment in favor of Liane Cruz for attorney’s fees and costs. We reverse.
Vogan sued Cruz for injuries sustained in an automobile accident. In response,Cruz tendered an offer for settlement in the amount of $5,001 (“the Offer”). Vogan rejected the Offer and proceeded to trial wherein she obtained a verdict for $1,258. Following the jury’s verdict, Vogan moved to strike the Offer, arguing that it was ambiguous as to whether it would extinguish her potential uninsured motorist and health insurance claims. While Vogan contested entitlement, the parties stipulated to a reasonable amount of attorney’s fees and costs. The trial court entered final judgment in favor of Cruz in the amount of $36,000.24. Vogan appealed.
Although Cruz attempts to distinguish many of the cases interpreting offers for settlement on the basis that the Offer did not require a separate release, that fact is not dispositive. Rather, we must look to the language of the Offer to assess ambiguity.
In part, the Offer provided:
The claims resolved by this offer are all actions, causes of action, demands for damages of whatever name or nature and tort, contract or by statute, in any manner arisen, arising to grow out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries resulting or to result from the accident, casualty or event which oc *922 curred on or about February 26, 2010 at or near the intersection of Cypress Point Parkway and Cypress Branch Way, Palm Coast, Florida.
In essence, this language constitutes a general release implicating claims extrinsic to the litigation. The fact that the Offer did not require a separate document entitled release is immaterial because the only claim involved in the underlying suit was a tort claim. Nevertheless, the Offer expressly proposes to resolve contractual and statutory claims. For that reason, the Offer is ambiguous as to whether it would preclude Vogan’s potential uninsured motorist and health insurance claims, and thus, is unenforceable. See Nichols v. State Farm Mut., 851 So.2d 742, 745-47 (Fla. 5th DCA 2003), decision approved, 932 So.2d 1067 (Fla.2006).
REVERSED.
TORPY, C.J., and EVANDER, J., concur.